OPINION of the Court, by
Ch. J. Edwards
— -Patton instituted his action of covenant, in the Mason circuit court, against Robinson, and declared upon a covenant, in which the defendant leased of him certain premises in the town of Maysville, and alleged breaches, &c. The defendant pleaded covenants performed, on which issue was joined. On the trial the' defendant introduced evidence to prove that, by a parol agreement entered into between him and the plaintiff, the latter agreed to exonerate him, and look to a certain Byers (to whom the defendant gave up the leased premises) for the performance of the covenants contained in the lease. The evidence was admitted by the court, and their opinion excepted to ; and upon this opinion, the first and second assignments of error require us to decide.
It is true that considerable liberality is indulged with regard to the evidence that may be introduced under the plea of covenants performed ; but that a totally distinct matter of defence should be given in evidence under this plea, seems entirely irreconcileable with the plainest dictates of common sense, or any rules of pleading that have hitherto been recognized by courts of justice. The object of pleading is to ascertain the true point in controversy between the parties, and to apprize each of them of the nature and extent of the evidence that will be required of him. Pleas in bar, or pleas to the action, are either the general issue, or special affirmative pleas, containing matter in avoidance of the action : of these there are many, contradistinguished from, and independent of each other, as much as the various forms oí declarations, and different species of actions, are distinguished by appropriate definition and use. *286 The necessity of preserving and adhering to those forms must be obvious to every reflecting mind, conversant with the course of legal proceeding : endless confusion, embarrassment, injustice or delay, would be the inevitable consequence of a d'eparture from them. The criterion for determining whether the testimony was admissible or not would be lost ; for the rule is, that testimony is that which elucidates and makes clear the point in issue. Without an adherence to well established forms, it would be impossible to ascertain what point was in issue ; and consequently, whether the testimony was relevant or irrelevant. A party could never anticipate, with any certainty, what testimony his adversary might produce against him ; and would therefore be unprepared to meet it when produced. Hence, injustice might be done him, or delay must take place to give him an opportunity of meeting the testimony by which he had been surprised.
The circuit court, in admitting the testimony objected to in this case, must have gone upon the broad principle, that the plaintiff ought not to recover, if the defendant, without any regard to the substance of his plea, could shew that the recovery ought not to be had : a principle as novel in the history of judicial proceedings as it is absurd and unjust in its application. As well might it be contended that the plaintiff ought to recover if he could, without any regard to his declaration, shew a case that would entitle him to a recovery. It would be as competent to a plaintiff, having brought an action on the case, to offer a deed in evidence as the gist or foundation of his right, as for the defendant, having pleaded covenants performed, to offer in evidence a release. The plaintiff is concluded by the case he has set forth in his declaration : reciprocity, justice and reason equally require that the defendant should be concluded by the case he has made by his plea. An action on the case, and an action of covenant, are distiact, independent actions ; whichever the plaintiff brings, he subjects himself to the rules that govern it, and can derive no aid from shewing a case that would have supported the other action : so covenants performed, anda release, are distinct, independent, special pleas in bar, and when the defendant pleads one only, he can derive no advantage from evidence which would have support *287 cd the other; it was his folly not to have pleaded it if he wished to have had the advantage thereof. The court therefore erred in admitting the evidence in this case, because it was not plead, and did not appply to any point in issue between the parties.
So far, it is observable that we have considered the evidence as exceptionable only because it could not be introduced under the plea of performance; but it is manifest that it was wholly inadmissible upon any principle ; for unless it amounted to a release it was a nullity, and that it could not amount to a release is evident from this consideration, that a covenant by deed cannot he released by parol.
The third and remaining assignment of error is, “that the court erred in instructing the jury not to find damages subsequent to the date of the contract between Patton and Kinsare.” To a clear understanding of this assignment, a short state of the case relative thereto is necessary. The covenant of lease was executed by the plaintiff and defendant on the 12th day of April, 1800; in that the defendant covenanted to deliver up the leased premises in as good repair at the end of five years as they were on the day of executing the covenant. On the 19th day of March, 1804, the plaintiff entered into a covenant with Kinsare, by which he agreed to convey the aforesaid leased premises, by deed, with general warranty, to Kinsare, as soon as the latter paid the sum. of eight hundred dollars, which the writing states was payable in gales, but where or when is not stated: at the bottom of which covenant is this N. B. The above named Kinsare is not to get possession of the eight lots, &c. until the 15th day of April, 1805, which was three days after the premises were covenanted to be delivered up by the defendant. Upon this view of the case the court gave the instructions as stated in the third assignment of error, which opinion was excepted to ; and for such instructions and opinion, we are at a loss to discern even a plausible reason. The plaintiff had not divtsted himself of the legal title ; and when he would do so, or whether he ever would do it, or, in other words, when he would be bound to do it, depended upon a contingency not within his control: he was not bound to do so until the last gale was paid by Kinsare, which might never have been paid, The plain and natural inference *288 dedudble from the contract with Kinsare, together tvith the N. B. at the foot thereof, is, that this contract was not in any way to affect the covenant of lease. But if it had not furnished this explication of the intention of the parties, the opinion of the court would have been equally erroneous ; the plaintiff’s right, Under the covenant of lease, to damages, Stc, must continue and abide with him till he had legally divested himself thereof by investing it in another. It cannot be seriously contended, that giving a bond for the conveyance of the legal title could invest in the person to whom the bond was thus given any right to sue upon a covenant of lease. The effect, therefore, of the opinion of the court was perfect impunity to the defendant for any waste he might commit; for according to them the plaintiff could not sue for it, and according to common sense, and the plainest principles of law, Kinsare could not sue.-Judgment reversed.